UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHN SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00398-JPH-MJD |
| | ) | |
| KELLY INDA L.M.H.C., | ) | |
| RAYN HARR KULYNYCA M.H.P., | ) | |
| MARY SIMS Dr., Mental Health Staff's for | ) | |
| Wabash Valley Correctional Facility Prison, | ) | |
| BIRSCH Dr., Mental Health Staff's for Wabash | ) | |
| Valley Correctional Facility Prison, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Plaintiff John Sims' motion for appointment of counsel, dkt. [71], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear

1

competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *Pruitt*, 503 F.3d at 655-56.

Mr. Sims alleges he has been unsuccessful in recruiting counsel on his own. He has contacted at least four attorneys to assist him with his case. The Court considers this a reasonable attempt but directs him to continue his efforts in recruiting pro bono counsel on his own.

Next, the Court must analyze Mr. Sims' abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help Mr. Sims' case, but whether, given the difficulty of the case, his personal abilities are such that he is competent to litigate it himself. *McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018).

Mr. Sims alleges that the prison medical staff defendants have refused to provide him with mental health treatment. He states that he will need assistance filing or responding to a motion for summary judgment. Mr. Sims has filed approximately 20 cases in this District. He has served discovery requests in this action and has filed motions to compel and for Court assistance. His filings are coherent. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all *pro se* litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson*, 750 F.3d at 712. Having considered Mr. Sims' personal abilities and his use of discovery, the Court concludes he is competent to litigate on his own at this time.

Based on the foregoing, Mr. Sims' motion for the appointment of counsel, dkt. [71], is **DENIED**. Mr. Sims' motion for status of his motion to appoint counsel, dkt. [78], is **GRANTED to the extent** that the Court has ruled on his motion for counsel.

If Mr. Sims chooses to renew his motion, he should use the form motion that the Court has prepared for indigent litigants seeking the appointment of counsel. The form requests the information necessary for the Court to determine the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel. The **clerk is directed** to include a form motion for assistance with recruiting counsel with the plaintiff's copy of this Entry.

**SO ORDERED.**

Date: 7/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN SIMS
232623
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com